UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Baccus, # 187393, *aka John Roosevelt Baccus,* Plaintiff, | ) C/A No.9:11-1280-DCN-BM |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Bill Byars, Director of South Carolina Department of Corrections, SCDC; Nikki Haley, Governor of South Carolina; Jean Hoefer Toal, Chief Justice of South Carolina Supreme Court; Leroy Cartledge, Warden; Lewis A Scott, Asso. Warden; Frank Mursier, Major; NFN Stevens, Capt.; James Parker, Asso. Warden; NFN Yarbough, Cpl.; Joyce Young, Mail Room; J. Franklin, Mail Room; NFN Terry, Sgt.; NFN Jones, Classification; NFN Cambell, Sgt.; NFN Moss, Food Supervisor; Marcia Fuller, R. D.; N. Barber, Sen. Chaplin; NFN Andrews, Nurse; NFN James, Nurse; NFN Seabag, Nurse; J. McCree, Physician; Elizabeth Walker, Adm. Specialist; NFN Greene, Correctional Officer C/O 1; Ms. Lewis, Dental; Ms. Freeman, Dental; C/O 2 Mr. Hines; Lt. Wright; Sgt. Wright; Ms. Bell; Lt. Thompkins; C/O Mr. Beggs; C/O Ms. Lee; et al. Defendants. | ) |

Plaintiff, John Baccus, # 187393, *also known as John Roosevelt Baccus*, ("Plaintiff"), a state prisoner in the South Carolina Department of Corrections' ("SCDC's") McCormick Correctional Institution ("MCI") in McCormick, South Carolina, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983,[1] seeking compensatory and injunctive

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983





relief against the Defendants for alleged violations of his constitutional rights while incarcerated in MCI.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, however, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

Further, although *pro se* complaints are held to a less stringent standard than those drafted by attorneys; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district

---

is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).





court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**BACKGROUND**

Plaintiff styles this action as a "constitutional tort: civil rights action."[2] Plaintiff alleges that each of the Defendants is being "sued in his/her own individual, official and or personal capacity . . . for the amount of ten million dollars, $10,000,000, for fraud(s), legal and medical malpractice(s), criminal conspiracy, public corruption, breach of trust, neglect, discrimination of constitutional rights and slavery against black(s) petitioner." ECF No. 1, p. 8. Plaintiff's Complaint includes pages entitled "Emergency Petition to be Relocated to Broad River Correctional Institution"

---

[2] In his Complaint, Plaintiff refers to himself as "petitioner" and to Defendants as "respondents."





(ECF No. 1, p. 3) , "Petition for Wrongfully and Continuously Denied Food, Medical, Dental, Access to the Courts, Free Speech, Life, Liberty, Property Civil Rights in Violation of Constitutional Rights" (ECF No. 1, p. 4), and "Statement of Claims" (ECF No. 1, p. 7-8). Along with the Complaint, Plaintiff has filed documents related to his post-conviction relief action in state court and the South Carolina Supreme Court's denial of his petition for a writ of certiorari to review the Richland County Court of Common Pleas' denial of Plaintiff's PCR application (ECF No. 1-1, p. 1-11). Plaintiff has also filed a (mostly illegible) copy of a newspaper article from *The Sumter Daily Item* re: an employment discrimination lawsuit filed by a correctional officer at Lee Correctional Institution (ECF No. 1-1, p. 12).

Plaintiff alleges that:

> On or about July 26, 2010, up to this present date, the above named respondents concerted actions has again taken unlawful custody of petitioner by falsifying public records - - - and continues to retaliate against black(s) petitioner for requesting respondents assistance to exercise his free speech protected activity, and "respondents prescription of remedies for him to rely on." Since respondent took unlawful custody of petitioner under false pretenses, respondents has continued to injure, intimidate and wrongfully deny black(s) petitioner medical, dental, food & access to the courts, free speech, life, liberty, property, civil rights in violation of the United States Constitution.

ECF No. 1, p. 2. Petitioner alleges that respondents violated S.C. Code Ann. §§ 14-7-16, 14-7-1615(B)(1)(2), 14-7-1630(5)(a) and (6); and 16-5-10.[3] *See* ECF No. 1, p. 2.

Plaintiff also alleges the Defendants'

---

[3] S.C. Code Ann. § 16-5-10 is the state statute concerning criminal conspiracy against civil rights. Section 14-7-16 does not exist. Section 14-7-1600 et seq. concerns the state grand jury system. Section 14-7-1615(B)(1) and (2) define the crime of public corruption. There is no § 14-7-1630(5)(a), but § 14-7-1630(5) and (6) define computer crimes and terrorism and/or conspiracy to commit those crimes.





> continuous serious retaliation against petitioner for requesting respondents assistance to exercise his free speech protected activity resulting in loss of petitioners life, liberty, property, and frequent cell confinement, deprivation of rights, and bad reports for no reason. Said reports were sent to S.C.D.C. prison keepers and respondents but not to petitioner contrary to procedure so petitioner never had a chance to rebut alleged charges.

ECF No. 1, p. 5.

Plaintiff has attached documents referred to as "Exhibits A-T," although Plaintiff also alleges elsewhere in his Complaint that he "is unable to submit all exhibits in support of his allegations because his records have been denied to him and impounded, without disclosure to him of location of his records, possibly in the property control room of either the Lee or McCormick Correctional Institution as of July 28, 2010." ECF No. 1, p. 6.[4]

---

[4] To the extent that Plaintiff is attempting to assert a claim that the Defendants negligently deprived Plaintiff of his personal property, or negligently allowed others to deprive Plaintiff of his personal property, or that Plaintiff was deprived of his personal property by the unauthorized intentional act of a state actor, Plaintiff's Complaint fails to state a cognizable claim of a constitutional violation by any of the named Defendants. An intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230-31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition from the plaintiff); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals). To the extent that Plaintiff is attempting to assert a claim of violation of due process and/or denial of access to the courts, based on an authorized intentional deprivation of Plaintiff's personal property, *i.e.* "legal file," on July 26 or 28, 2010, such claim cannot be brought in this action because it is duplicative of the claim already pending in another action brought by Plaintiff in this Court, *Baccus v. Scott*, C/A No. 9:10-2862-DCN-BM (D.S.C.). The Court will not entertain a second, separate lawsuit filed by the same individual, concerning the identical issue, involving one of the same parties named in the first lawsuit. To do so would fly in the face of the important interests of judicial efficiency and economy. As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances, "The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient." *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).





Plaintiff further alleges that the Defendants: "depriv[ed] petitioner of his 'meds' and 'hearty healt[h]y diet' due medical diagnosis to ingest foods that medicate and abate his colon and intestinal bleedings pains digestive reflux disease" (ECF No. 1, p. 5); "depriv[ed] petitioner access to filing court proceedings or opportunity to be heard and other activities to which petitioner is entitled by locking petitioner up in the cell for days putting petitioner in intimidating and assaulting positions without cause" (ECF No. 1, p. 5); "impos[ed] on petitioner cruel and unusual punishment to retaliate for his court filings, by actions and words treating petitioner as inferior to all other inmates" (ECF No. 1, p. 6); "wrongfully diagnosed and denied petitioner prescribed medical treatment of follow-up colonoscopy, digestive reflux disease, dental care, coin size lump inside petitioner mouth, styph infection, T.B. and other bodily ills, thereby threatening petitioners health, life, liberty and property. Said physicians again prescribed wrongful - contra - medications to petitioner despite the dangerous risk and known side-effects to petitioner's health" (ECF No. 1, p. 6).

Plaintiff further alleges that Defendants violated his rights under the First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments by:

> denying Petitioner access to court by failing to jointly participate or assist petitioner in the resolution of respondents "prescription of remedies" (S.C.D.C. requests to staff member, S.C.D.C. grievance forms, post-conviction relief state habeas applications, etc. upon petitioners requests for petitioner to rely on and to challenge respondents custody over him.

ECF No. 1, p. 7.[5]

---

[5] It is well-settled that prison inmates have no federal constitutional right to have any inmate grievance system in operation at the place where they are incarcerated. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Simply because a state or local authority chooses to establish an inmate grievance system, that choice does not confer a substantive constitutional right on the prison inmates. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988). Hence, if corrections officials fail to





Plaintiff alleges Defendants: "den[ied] petitioner access to the courts by inducement(s) or failure to respond, disposition, carry-out or answer to petitioners request for respondents "prescription of remedies" for petitioner to rely on and other conditions of the custody over petitioner" (ECF No. 1, p. 7); "by conspiracy(s), fraud(s), and corruption by committing false and misleading representations in concealing evidence of petitioners innocence in which those crimes involves terrorism and solicitation to commit a crime and in which the act is dangerous to human life that is a violation of the criminal laws of the state" (ECF No. 1, p. 7); "den[ied] petitioner 'public assistance from public officers of the court'" (ECF No.1, p. 7); "refus[ed] to return petitioner's legal file and refus[ed] to return petitioners legal file as he repeatedly requested and refused to sanction and relieve themselves from the custody as petitioner requested that they do" (ECF No. 1, p. 7); and "did commit public corruption, misconduct, slavery and conspiracy by conspiring with other officers of the court to forcefully stay as petitioners named custodians to delay and deny the process of petitioners pending and other cases and cause prejudice to the administration of justice" (ECF No. 1, p. 7).

Finally, Plaintiff alleges that:

> petitioner continues to suffer irreparable harm from wrongful actions of respondents and intentional undeserved punishments inflicted on petitioner by denial of due process: failure to take petitioners vitals during sick call; failure to allow inmates/petitioner outside recreations based on unfounded security reasons; failure to allow inmates petitioner court ordered scheduled access to law library; refusing to open inmates petitioner legal mails in his presence; destroying inmates petitioners SCDC requests to staff members, court ordered order to report and other SCDC forms prepared for petitioners use; failure to prevent another inmate from assaulting petitioner; failure to provide inmates adequate or scheduled meals; failure to provide inmates clothings, shoes, hygeines, medical, dental cares on needed basis.

---

properly apply an inmate grievance procedure, such failure is not actionable under § 1983. *See Spencer v. Moore*, 638 F.Supp. 315, 316 (E.D. Mo.1986).





ECF No. 1, p. 8.

**DISCUSSION**

Plaintiff's Complaint, on its face, does not state a plausible, non-frivolous § 1983 claim, because the Complaint fails to include sufficiently clear factual allegations against any of the named Defendants of any personal responsibility and personal wrongdoing in connection with the alleged violations of any of Plaintiff's constitutionally protected rights.[6] Thus, Plaintiff's Complaint is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement[s]" of the basis for the court's jurisdiction and of the basis for a plaintiff's claims against each defendant. Although Plaintiff makes many complaints about the conditions of his confinement in MCI, he fails to allege sufficient facts from which the Court can construe a cognizable claim that any specific Defendant allegedly committed any specific violation of a constitutionally protected right, among the many violations of Plaintiff's rights that he claims occurred. Additionally, Section 1983 liability cannot be imposed vicariously against a supervisory official merely on the theory of *respondeat superior*. *Rizzo v. Goode*, 423 U.S. 362, 375 (1976); *Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990). Rather, a defendant in a civil rights action must have personal involvement in the alleged wrongs. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence, but such allegations of participation or actual knowledge and acquiescence must be made with appropriate particularity. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). In order to state a claim under

---

[6]The undersigned notes that Plaintiff is a frequent filer of litigation in this Court, and therefore should be well acquainted with this Court's pleading requirements. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records].





§ 1983, a complaint must "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiff[]." *Freedman v. City of Allentown, Pennsylvania*, 853 F.2d 1111, 1114 (3d. Cir. 1988). Plaintiff's conclusory allegations fail to include any specific facts, such as the name(s) of the persons who allegedly "wrongfully and continuously denied food, medical, dental, access to the courts, free speech, life, liberty, property civil rights in violation of [Plaintiff's] constitutional rights" (ECF No. 1, p. 4), and who allegedly committed "fraud(s), legal and medical malpractice(s), criminal conspiracy, public corruption, breach of trust, neglect, discrimination of constitutional rights and slavery against black(s) petitioner" (ECF No. 1, p. 8), or the alleged date(s), time(s), and location(s) of such acts. The allegations are so incomprehensible and filled with what could only be considered by a reasonable person as unconnected, conclusory, unsupported statements or "gibberish" that they do not state a cause of action. See Hagans v Lavine, 415 U.S. 528, 536-37 (1974)(noting that federal courts lack power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit").

As a result of Plaintiff's failure to specify which Defendant(s) committed which alleged act(s) of wrongdoing, it is impossible for the Court to determine which, if any, of the Defendant(s) might plausibly be liable for which alleged problem(s) Plaintiff claims to have experienced. See Livingston v. Adirondack Beverage Co., 141 F.3d 434 (2d Cir. 1998); see also Adams v. Rice, 40 F.3d 72 (4th Cir. 1994)(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face). Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain"statement of the claim, a plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). Also,





although the Court is bound to liberally construe Plaintiff's *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to support his claims. *See Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). In the absence of substantive allegations of wrongdoing against a defendant, there is nothing from which the court can liberally construe a viable cause of action arising from a complaint, and it is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for prisoners or *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d at 1278 ; *Gordon v. Leeke*, 574 F.2d at 1151. When there are no allegations whatsoever of wrongdoing on the part of a named defendant, a plaintiff's complaint is both frivolous and fails to state a claim on which relief can be granted as to that defendant, and under 28 U.S.C. § 1915(e)(2)(B), this Court should dismiss an action filed by a prisoner which is "frivolous" or "fails to state a claim on which relief may be granted." *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs*., 901 F.2d 387, 389 n. 2 (4th Cir. 1990) (dismissal proper where there were no allegations to support claim).

**RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the Complaint in this case, *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. §





1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). If Plaintiff believes he has valid claims against some or all of these Defendants, he may file a new complaint, in compliance with Rule 8 which *specifically* sets forth any such claims and what conduct any named Defendant engaged in.

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

July 5, 2011
Charleston, South Carolina





**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636 (b) (1); Fed. R. Civ. P. 72 (b); *see* Fed. R. Civ. P. 6 (a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636 (b) (1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).